UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SEBASTIAN FERRELL,

                          Petitioner,

    v.

UNITED STATES OF AMERICA,

                          Respondent.

Case # 14-CR-6173-FPG
16-CV-6676-FPG

DECISION AND ORDER

---

## INTRODUCTION

*Pro se* Petitioner Sebastian Ferrell filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. ECF No. 117. For the reasons set forth below, the Motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Plea Agreement and Colloquy

On October 28, 2014, the Government filed a ten-count Indictment against Petitioner and three co-defendants. Petitioner was charged in four counts of the Indictment with: conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1); bank fraud in violation of 18 U.S.C. § 1344 (Count 2); access device fraud in violation of 18 U.S.C. § 1029(a)(2) (Count 4); and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) (Count 8). ECF No. 8. On December 3, 2015, Petitioner appeared before the Court and entered a guilty plea to Counts 1 and 8 of the Indictment pursuant to a Plea Agreement. ECF Nos. 91, 92.

#### A. Plea Agreement

In the Plea Agreement, Petitioner and the Government agreed that three specific offense level enhancements under the United States Sentencing Guidelines would apply to Petitioner's

base offense level calculation: (1) the 12-level increase based on the amount lost exceeding $250,000, Guidelines § 2B1.1(b)(1)(G); (2) the two-level increase based on there being more than ten victims, *id.* at § 2B1.1(b)(2)(A); and (3) the two-level increase based on the use of an authentication feature,[1] *id.* at § 2B1.1(b)(11)(A)(ii). ECF No. 91, Section III, ¶ 7 at 5-6. Based on the adjustments, the parties agreed that 23 was the adjusted offense level for Count 1. *Id.* at 6. The parties also agreed that Count 8 required "that a sentence of 24 months imprisonment be imposed consecutively upon any other term of imprisonment imposed upon [Petitioner] under any other provision of law including any term of imprisonment for the felony during which the means of identification was transferred, possessed or used." ECF No. 91, Section III, ¶ 12 at 7.

With respect to the Guidelines Criminal History Category, the Plea Agreement set forth a Category of IV (*id.* at Section III, ¶ 10 at 6), but, as addressed further below, defense counsel informed the Court at the plea colloquy that the parties disagreed as to whether the Category was III or IV, and that the parties agreed that they would be bound by the calculations set forth in the United States Probation Office's Pre-Sentence Report. The Plea Agreement, based on the Guidelines calculations, provided that the aggregate sentencing range was a term of imprisonment of 75 to 87 months, *i.e.*, 24 months on Count 8 to run consecutive to the range of 51 to 63 months on Count 1, a fine of $15,000 to $1 million, and a period of supervised release of two to five years. *Id.* at Section III, ¶ 13 at 7.

The Plea Agreement also provided that Petitioner knowingly waived his right to appeal or collaterally attack any component of a sentence the Court imposed that fell within the sentencing

---

[1] The Guidelines define "authentication feature" as it is used in 18 U.S.C. § 1028(d)(1), which defines it as "any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified[.]"

2

range set forth in the Plea Agreement, *i.e.*, 75 to 87 months. ECF No. 91, Section III, ¶ 13 at 11-12.

   B.   **Plea Colloquy**

After an extensive plea colloquy, the Court found that the plea was in all respects "knowing and voluntary," and that Petitioner articulated a factual basis for his guilty plea to Counts 1 and 8 of the Indictment. The Court then accepted the guilty plea. ECF No. 20 at 25, Transcript of Plea Colloquy. The Court confirmed that Petitioner was of sound mind and was not coerced into entering the guilty plea. *Id.* at 20-21.

The Court reviewed the substance of the Plea Agreement and confirmed that Petitioner understood the counts he was pleading guilty to, and that Count 1 (conspiracy to commit bank fraud) carried a maximum sentence of 30 years imprisonment. The Court also confirmed that Petitioner understood that Count 8 (aggravated identity theft) carried a mandatory minimum and maximum sentence of two years to be served "consecutively or in addition to" any term of imprisonment imposed in this case. *Id.* at 4-5.

The Court fully reviewed and discussed the elements of the two counts and confirmed that Petitioner fully understood the nature of the charges and that if he went to trial the Government would need to prove the elements of each count beyond a reasonable doubt. *Id.* at 5-11.

The Court reviewed the Guidelines with Petitioner and confirmed that he understood that the Court had to consider the Guidelines but was not bound by them. *Id.* at 11-15. Specifically, the Court reviewed the offense characteristic adjustments with Petitioner and confirmed that he understood each of the three adjustments and that the adjusted offense level for Count 1 was 23. *Id.* at 12.

Petitioner's counsel then informed the Court that there was a dispute regarding whether Petitioner's Criminal History Category was "III" or "IV." Defense counsel stated that the Government conceded that the parties would be bound by the Probation Office's calculations. *Id.* at 13-14. Because the Plea Agreement indicated a Criminal History Category of IV, but did not address the parties' agreement to accept the Probation Office's calculations, the Court addressed the Guidelines sentence range based on a Category of III and IV. If a Category III, the range on Count 1 would be 41 to 51 months; and if a Category IV, the range would be 51 to 63 months. *Id.* at 14. The Court specifically asked Petitioner if he understood this and Petitioner confirmed that he did. *Id.*

The Court confirmed that Petitioner understood that he was waiving his right to appeal the sentence if it was consistent with the Guidelines' ranges discussed and the two alternative ranges based on a Category of III or IV. *Id.* at 18.

The Court summarized the plea colloquy and confirmed that Petitioner understood there was a 12-level increase for the loss exceeding $250,000, a two-level increase because there were more than ten victims, and a two-level increase for using an authentication feature. The Court summarized the dispute as to the Criminal History Category and advised Petitioner of the sentencing ranges based on whether Petitioner had a Category of III or IV. The Court advised Petitioner that it had to impose a 24-month sentence on Count 8 to run consecutive or in addition to any sentence imposed on Count 1. The Court further advised Petitioner that if the Criminal History Category was determined to be III, the combined sentencing range for Counts 1 and 8 would be 65 to 75 months; if it was determined to be IV, the combined sentencing range would be 75 to 87 months. Petitioner confirmed his understanding of each of these aspects of the Plea Agreement and potential sentence. ECF No. 120 at 23-24.

The Court also confirmed that Petitioner was satisfied with the representation of counsel. *Id.* at 3, 21. The Court found that the plea was "in all respects knowing and voluntary" and accepted Petitioner's guilty plea. *Id.* at 25. The Plea Agreement was executed in open court. *Id.* at 20.

## II. Sentence

Petitioner appeared before the Court on March 3, 2016, and was sentenced principally to 53 months on Count 1 and 24 months on Count 8 to run consecutively as required by 18 U.S.C. § 1028A(b)(2), amounting to a total term of imprisonment of 77 months. ECF No. 121 at 21-22, Transcript of Sentencing Proceedings. The Court advised Petitioner of his right to appeal but that, because he was sentenced within the parameters of the Plea Agreement, he waived his right to appeal or collaterally attack his sentence. If there were any other issues for appeal, Petitioner was informed to consult with his attorney. *Id.* at 24. Judgment was entered on March 14, 2016, and Petitioner did not file a notice of appeal.

## III. Motion to Vacate, Set Aside, or Correct Sentence

Petitioner's Section 2255 Motion contends that his counsel "failed to address that several of his prior[s] fall squarely within the language in [Guilelines] §§ 1B1.11, 4A1.1 and 4A1.2 . . . and that because of counsel's deficient performance [Petitioner] has been prejudiced in his sentence, and [Petitioner] has been placed in a Criminal History Category (CHS) that is in error; that is procedurally and substantively unreasonable." ECF No. 117 at 1 ("Ground One").

The Motion raises five additional grounds all related to the Guidelines calculations and his sentence. Ground Two alleges that Petitioner's Criminal History Category was incorrect because he was given "points" for a misdemeanor conviction—Criminal Impersonation, Second Degree— that fell outside the language of Guidelines § 4A1.1(c) and within the language of Guidelines §§

4A1.2(c)(1) and (2), excluding a "local violation." Ground Three contends that Petitioner's July 15, 2001 and May 15, 2007 convictions should not have been used to "score" his Criminal History Category pursuant to Guidelines §§ 1B1.3 and 4A1.2. Grounds Four, Five, and Six contend that Petitioner's Offense Level was improperly calculated because the three enhancements Petitioner agreed to should not have been applied. ECF No. 117 at 2-7. Petitioner requests that the Court vacate his sentence and resentence him in accordance with the relevant Guidelines provisions.

The Government contends that Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence and that Petitioner has not shown that the Plea Agreement and its waiver provisions were not knowing and voluntary due to ineffective counsel. It also contends that Petitioner's sentencing calculations arguments, if not waived, are not cognizable on a Section 2255 Motion and, even if cognizable, are meritless. ECF No. 124. Petitioner filed a reply contending, albeit confusingly, that one of his sentences should not have been included in his Criminal History Category because "it is one of the enumerated offenses that falls squarely within the language of . . . Guidelines § 4A1.2." ECF No. 126.

For the reasons that follow, Petitioner's Section 2255 Motion is DENIED. The record demonstrates that Petitioner received effective assistance of counsel with respect to the Plea Agreement and his decision to plead guilty, both of which were knowing, voluntary, and intelligent, the Plea Agreement's waiver of his right to seek collateral relief is enforceable.

## **DISCUSSION**

### I. Section 2255

Section 2255(a) provides, in relevant part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

> the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Accordingly, collateral relief is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokum*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations and citation omitted)). "The reasons for narrowly limiting the relief permitted under § 2255—a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place—are 'well known and basic to our adversary system of justice.'" *Id.*

A court may deny a Section 2255 motion without a hearing if the motion and the record conclusively show that the movant is not entitled to relief. *See, e.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court not required to hold hearing before deciding Section 2255 motion based on ineffective assistance of counsel claim alleging that counsel prevented petitioner from testifying, where petitioner made only general allegations and record contained affidavit from counsel explaining why petitioner did not testify). A hearing is warranted only where the movant establishes that his claim is plausible. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

## II.   Waiver of Right to Seek Collateral Relief

As addressed above, the Plea Agreement contained a provision whereby Petitioner agreed to waive his right to appeal and seek collateral review of his sentence if the sentence imposed was within the range set forth in the Plea Agreement. Because Petitioner's 77-month sentence was within the range set forth in the Plea Agreement, the Court must consider whether the waiver is enforceable and whether the waiver precludes this Section 2255 Motion.

7

A defendant may waive his right to collaterally attack the sentence in his plea agreement if he waives such right knowingly and voluntarily. *See United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004); *see also Chen v. United States*, Nos. 11 Cr. 1038 (JFK), 14 Civ. 4987 (JFK), 2017 WL 4326529, at *4 (S.D.N.Y. Sept. 28, 2017) ("Generally, a defendant who knowingly and voluntarily waives the right to appeal, in exchange for the benefit of a plea agreement, may not challenge the sentence imposed within the stipulated Guidelines range.") (citing *United States v. Salcido-Contereras*, 900 F.2d 51, 53 (2d Cir. 1993)). Accordingly, "a defendant's knowing and voluntary waiver of his right to [collaterally attack] a conviction and sentence within an agreed upon guideline range is enforceable." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (citing *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam)); *see also Chen*, 2017 WL 4326529, at *4.

"Claims of ineffective assistance of counsel can survive § 2255 waivers, but only when the claim relates to the negotiation and entry of a plea or sentencing agreement." *United States v. Cano*, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007). Thus, although a plea agreement's waiver of collateral review would ordinarily preclude a Section 2255 motion, a defendant "who has not received reasonable effective assistance from counsel in deciding to plead guilty cannot be bound by that plea." *United States v. Couto*, 311 F.3d 179, 187 (2d Cir. 2002) (internal quotations and citation omitted); *see also Negroni v. United States*, No. 3:16-cv-908 (SRU), 2017 WL 3300529, at *4 (D. Conn. Aug. 2, 2017) (*pro se* petitioner can overcome an otherwise valid appeal waiver by raising an ineffective assistance of counsel claim in relation to the advice he obtained in the process of agreeing to plead guilty). Accordingly, the Court must first determine whether Petitioner received ineffective assistance of counsel with respect to entering into the Plea

Agreement, specifically whether Petitioner's counsel was constitutionally ineffective with respect to calculating Petitioner's Criminal History Category. ECF No. 117 at 1-2.

Petitioner's claim of ineffective assistance of counsel is conclusory and alleges only that due to counsel's "deficient performance" and "failure to investigate [Petitioner's] Criminal History Score … points that were contributed to [Petitioner] violated [Petitioner's] aforementioned rights." *Id.* at 1. Specifically, Petitioner asserts that his counsel did not address whether several of his prior convictions fell within the language of Guidelines §§ 1B1.11, 4A1.1, and 4A1.2. In effect, Petitioner argues that the incorrect Criminal History Category prejudiced him. *Id.* Petitioner's claims are wholly unsupported by the record and must be denied.

A claim of ineffective assistance of counsel is analyzed under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A petitioner must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense." *Id.* at 687-88. To establish the performance prong, the petitioner must show that his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. In the context of a guilty plea, a defendant must demonstrate that "counsel's deficient performance undermine[d] the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Couto*, 311 F.3d at 187; and *North Carolina v. Alford,* 400 U.S. 25, 31 (1970) (holding that the standard for evaluating the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant")).

With respect to the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to ineffective assistance of counsel claims that relate to

9

a decision to enter into a plea agreement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner's claims, even when construed as liberally as possible, fail to establish either *Strickland* prong. To establish ineffectiveness, both *Strickland* prongs must be satisfied. If petitioner fails to satisfy one prong, the Court need not consider the other. *See Stouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991). "If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir. 1997) (court need not address alleged instances of inadequate performance by counsel because petitioner failed to show "even a reasonable probability that any of the allegedly inadequate representation would have altered the outcome of his trial or his sentencing") (citing *Strickland*, 466 U.S. at 697). If a petitioner fails to allege prejudice necessary to satisfy the second *Strickland* prong, a district court does not err by declining to hold a hearing on the ineffective assistance of counsel claim. *Hill*, 474 U.S. at 60.

As stated above, a petitioner claiming ineffective assistance of counsel in relation to a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* As the Government correctly notes, Petitioner "not only fails to establish that but for counsel's alleged [errors], he would have insisted upon proceeding to trial, but fails to even present such an argument." ECF No. 124 at 8. Petitioner does not request that his plea be withdrawn or that this

matter proceed to trial. Even if the Court construed his claim as seeking such relief, there is no support for a claim that, but for his counsel's deficient performance, he would have insisted on going to trial. Without a showing of prejudice, the Court need not consider whether counsel's performance was constitutionally deficient under *Strickland*.

Because Petitioner was sentenced within the parameters set forth in the Plea Agreement and because the record demonstrates that Petitioner did not receive ineffective assistance of counsel with respect to the Plea Agreement and his decision to plead guilty, both of which were knowing, voluntary, and intelligent, the Plea Agreement's waiver of his right to seek collateral relief is enforceable and his Section 2255 Motion, to the extent it seeks to vacate his sentence, is DENIED.[2]

## **CONCLUSION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 117) is DENIED. An evidentiary hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court declines to issue a certificate of appealability because Petitioner failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438 (1962), and that leave to appeal *in forma pauperis* is denied.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of this Order. Requests to proceed

---

[2] The Court need not address the remaining grounds raised in Petitioner's Motion because, as set forth herein, Petitioner waived the right to collaterally attack his sentence.

on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

The Clerk of Court is directed to close Case # 16-CV-6676-FPG.

IT IS SO ORDERED.

Dated: April 11, 2018
      Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court